FILED
SCRANTON
APR 1 0 2018
PER _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY J. MARTUCCI,   :

         :

 **Plaintiff**     **CIVIL ACTION NO. 3:17-1671**

         :

   **v.**     **(JUDGE MANNION)**

         :

MILFORD BOROUGH, *et al.*,

         :

 **Defendants**

### M E M O R A N D U M

Plaintiff Gregory J. Martucci has sued Omar Ashmawy, who was a patron at the Dimmick Inn in Milford Borough, PA, for instituting criminal charges against him by falsely alleging that he and other men assaulted Ashmawy when they removed Ashmawy from the Inn for being violent and belligerent, and for abusing female patrons. Plaintiff and the two other men were arrested by the police. Subsequently, the criminal charges against plaintiff were dismissed. Plaintiff then initiated this civil rights action, pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331, suing the Borough and the police chief as well as Ashmawy. Ashmawy has moved to dismiss all Counts of plaintiff's amended complaint against him as well as the requests for declaratory relief. Ashmawy also claims that he is entitled to qualified immunity. For the reasons that follow, Ashmawy's motion to dismiss will be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND[1]

On September 15, 2017, plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983 against defendants Borough of Milford and Chief DaSilva and, under *Bivens*[2] pursuant to 28 U.S.C. §1331 against Ashmawy. (Doc. 1). Plaintiff then filed an amended complaint on November 2, 2017, in response to a motion to dismiss filed by the Borough defendants. (Doc. 14). Plaintiff does not indicate if he sues DaSilva and Ashmawy in both their official and individual capacities. Plaintiff alleges that his Fourth, Fifth and Fourteenth Amendment rights were violated by the defendants. Plaintiff also asserts state law claims against Ashmawy.

Specifically, in Count I, plaintiff asserts a malicious prosecution claim against Ashmawy under *Bivens* and, in Count II, he asserts a state law malicious prosecution claim against Ashmawy. In Count III, plaintiff asserts an abuse of process claim against Ashmawy under *Bivens*, and, in Count IV, plaintiff asserts a state law abuse of process claim against Ashmawy. In Count V, plaintiff asserts a malicious prosecution claim, based on municipal liability, against the Borough of Milford and Chief DaSilva, as a

---

[1]Since the complete background of this case was recently stated by the court in its April 5, 2018 Memorandum pertaining to the motion to dismiss of Milford Borough and DaSilva, it will not be fully repeated herein. (Doc. 39).

[2]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

decisionmaker, under §1983. Finally, in Count VI, plaintiff asserts a malicious prosecution claim against DaSilva under §1983.

As relief, plaintiff requests compensatory damages against all three defendants and punitive damages only against the two individual defendants, as well as a declaratory judgment that defendants' alleged acts "have violated and continue to violate [his] rights." Plaintiff also requests attorney's fees, pursuant to 42 U.S.C. §1988, and costs.

Pending is the motion to dismiss plaintiff's amended complaint in its entirety for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) filed by Ashmawy, (Doc. 18), on November 22, 2017. Ashmawy filed his brief in support of his motion on December 6, 2017. (Doc. 23). Plaintiff filed his brief in opposition to Ashmawy's motion on January 3, 2018. (Doc. 28). On January 17, 2018, Ashmawy filed a reply brief. (Doc. 32). Ashmawy's Rule 12(b)(6) motion is ripe for disposition.

On April 5, 2018, the court granted, in part, and denied in part, the motion to dismiss of Milford Borough and DaSilva, (Doc. 16). (Docs. 39 & 40). Basically, the court denied Borough defendants' motion to dismiss the malicious prosecution claim against DaSilva in Count VI and, denied their motion to dismiss the malicious prosecution claim against the Borough and DaSilva under *Monell* in Count V.

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff avers violations of his constitutional

rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.[3] The court can exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367. Venue is appropriate in this court since the alleged constitutional violations occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

## II.   STANDARD OF REVIEW[4]

### *Bivens Standard*

Plaintiff's constitutional claims against Ashmawy are filed pursuant to 28 U.S.C. §1331, in accordance with Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, (1971). Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor. Bivens, supra. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest

---

[3]As the court previously noted, the Fourteenth Amendment does not apply to plaintiff's claims against Ashmawy since plaintiff alleges that he is a federal officer. *See* Wilson v. City of Cherry Hill, 2011 WL 3651274, *7 (D.N.J. Aug. 18, 2011) (court held that the Fourteenth Amendment due process claims "are appropriate only when brought against state actors") (citations omitted).

[4]Since the Rule 12(b)(6) motion to dismiss standard of review was stated by the court in its April 5, 2018 Memorandum, it will not be repeated and is incorporated herein by reference. (Doc. 39).

could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. §1983 and the same legal principles have been held to apply. *See* Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F.Supp. 1486, 1492 (M.D.Pa. 1992); Young v. Keohane, 809 F.Supp. 1185, 1200 n. 16 (M.D.Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See* West v. Atkins, 487 U.S. 42, 48 (1988); Young v. Keohane, 809 F.Supp. 1185, 1199 (M.D.Pa. 1992).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode*). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. *Accord* Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

## III. DISCUSSION

### A. *Official Capacity*

Plaintiff appears to assert his *Bivens* claims against Ashmawy in his official capacity in addition to his individual capacity. The law is well-settled that sovereign immunity bars suits for money damages against the Untied States and against federal officials sued in their official capacities. *See* Klayman v. Obama, 125 F.Supp.3d 67, 75 (D.D.C. 2015) (citations omitted); *see also* Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (Suits brought against an official in his or her official capacity are, "in all respects other than name, to be treated as a suit against the" United States.); F.D.I.C. v. Meyer, 510 U.S. 471, 477-86 (1994). As such, plaintiff cannot sue Ashmawy under *Bivens* in his official capacity. To the extent plaintiff seeks leave to amend his amended complaint to clarify in what capacity he is suing Ashmawy, there is simply no need since plaintiff cannot sue Ashmawy under *Bivens* in his official capacity.

6

Thus, the court will dismiss plaintiff's claims against Ashmawy under *Bivens* to the extent the claims are against him in his official capacity. Plaintiff can only sue Ashmawy under *Bivens* in his individual/personal capacity. *See* Hafer v. Melo, 502 U.S. 21, 26, 112 S.Ct. 358 (1991); Wilson v. City of Cherry Hill, 2011 WL 3651274 (D.N.J. Aug. 18, 2011).

### B. Declaratory Judgment

Plaintiff seeks declaratory judgment that all defendants' alleged acts "have violated and continue to violate [his] rights." In its April 5, 2018 Memorandum and Order, (Docs. 39 & 40), the court dismissed with prejudice all of plaintiff's requests for declaratory judgment from his amended complaint. Thus, Ashmawy's motion to dismiss plaintiff's requests for declaratory judgment will be denied as moot since these requests for relief were previously dismissed.

### C. Bivens Claims for Malicious Prosecution and Abuse of Process

Ashmawy contends that Counts I and III of plaintiff's amended complaint raising claims for malicious prosecution and abuse of process against him under *Bivens* should be dismissed because plaintiff has not demonstrated that his actions were taken under color of federal law. Rather, he states that his alleged actions were taken as the victim of an assault who was pursuing his legal remedies against the perpetrators. Plaintiff brings his claims under *Bivens* against Ashmawy based on the fact that Ashmawy is a federal

7

employee working at the Office of Congressional Ethics.

Under *Bivens*, a plaintiff can maintain a suit against "a federal official in his or her individual (personal) capacity for acts taken in the course of official duties or while acting under the color of law." Klayman, 125 F.Supp.3d at 75 (citations omitted). "[I]n *Bivens* actions, liability may attach in certain circumstances when a federal government official acts 'under color of [federal] authority' and violates a plaintiff's constitutional rights." Id. at 81. "The test employed in *Bivens* actions for 'color of federal authority' is, by and large, the same test applied in the §1983 context." Id. (citations omitted).

The court in Klayman, 125 F.Supp.3d at 81, discussed when a person acts "under color" of authority with respect to a *Bivens* action, analyzed in the §1983 context, and explained:

> The phrase "under color" of authority is frequently used in §1983 litigation against state officials; in that context, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." West v. Atkins, 487 U.S. 42, 50, 108 S.Ct. 2250 (1988). In §1983 lawsuits, a state official-defendant's actions are not deemed to be beyond the "color" of legal authority simply because they are alleged to violate the plaintiff's rights; to the contrary, a §1983 cause of action is premised on the defendant's conduct having been taken in connection with that defendant's role as a government agent. Gleason v. Scoppetta, 566 Fed.Appx. 65, 68 (2d Cir. 2014) ("[T]he misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law") (internal quotation marks omitted); Boyter v. Brazos Cnty., No. 09–cv–4132, 2011 WL 1157455, at *7 (S.D.Tex. Mar. 28, 2011) (noting that "private individuals generally are not construed to act under color of law" and therefore private conduct

8

is "not actionable under §1983").

The Supreme Court stated in West, 487 U.S. at 49, that the plaintiff must show the defendant in a §1983 action "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." See also Klayman, 125 F.Supp.3d at 81 (citing Hogan v. Winder, 2012 WL 4356326, at *4 (D.Utah Sept. 24, 2012) (court stated that the "determinative question is whether [defendant] (1) used the power of his office to act and (2) was able to act only because of that power.")).

In this case, Ashmawy argues that none of his alleged actions and conduct were within the scope of his official capacity or under color of legal authority. Ashmawy also points out that the Supreme Court "has been reluctant to extend Bivens liability to any new context or new category of defendants." (citing Iqbal, 556 U.S. at 675-76; Corr. Servs. Corp. v. Malesko, 534 U.S. at 68). Further, Ashmawy states that plaintiff has also asserted state law claims against him for malicious prosecution and abuse of process, and that plaintiff's remedies under state law are adequate. Thus, he states that plaintiff's two claims brought pursuant to Bivens should be dismissed with prejudice.

In Sharratt v. Murtha, 437 Fed.Appx. 167, 171 (3d Cir. 2011), the Third Circuit stated that "[i]n Bivens, the Supreme Court held that a plaintiff can recover money damages from the federal government for injuries resulting

from a violation of his Fourth Amendment rights" and that "the holding of *Bivens* has been expanded to permit claims for damages under the Fifth Amendment" and the Eighth Amendment. (internal citations omitted). The conduct which plaintiff alleges Ashmawy took in this case was in violation of the Fourth Amendment and, in part, "taken only by virtue of the power conferred on the Federal Defendant[] as [an] officer[] of the United States." Klayman, 125 F.Supp.3d at 81-82. Plaintiff is not attempting "to extend *Bivens* liability to any new context or new category of defendants" which the Supreme Court refused to do in Malesko, 534 U.S. at 68. Specifically, plaintiff alleges that Ashmawy "threaten[ed] to use his position as Staff Director and Chief Counsel of the Office of Congressional Ethics to induce a criminal proceeding to be brought against Plaintiff and [the] others." Plaintiff also alleges that Ashmawy wrote a letter to the District Attorney's Office "using his congressional office address and threatening federal investigation/inquiry into the conduct of the [MPD] and/or the Pike County District Attorney's Office." Further, plaintiff avers that Ashmawy signed an Affidavit of Probable Cause in which plaintiff alleges that "he falsely claimed that Plaintiff and one to two other men assaulted him, choked him, threw him to the ground, and kicked him" causing him to lose sight in one eye and suffer fractures. As such, plaintiff avers that Ashmawy threatened to use the power of his office as a federal government official to coerce the MPD and the District Attorney to initiate criminal proceedings against him, and that based, in part, on his

10

threats, criminal charges were in fact filed against plaintiff and the two other men.[5]

As indicated above, the alleged misuse of power which a defendant possesses by virtue of state or federal law and "made possible only because the wrongdoer is clothed with the authority of state [or federal] law, is action taken under color of state [or federal] law." Klayman, 125 F.Supp.3d at 81 (citation omitted). Thus, Ashmawy's motion to dismiss Counts I and III of plaintiff's amended complaint raising claims for malicious prosecution and abuse of process against him under *Bivens* will be denied insofar as it is based on his contention that he was not acting within the scope of his official capacity as a federal employee.

### D.   *Malicious Prosecution Claims*, Counts I and II

Next, Ashmawy argues that plaintiff has failed to allege sufficient facts to state cognizable malicious prosecution claims under *Bivens* and state law.

"To prove malicious prosecution [when the claim is under the Fourth Amendment] ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5)

---

[5]The facts alleged in plaintiff's amended complaint must be accepted as true in considering the defendant's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Piazza v. Lakkis, 2012 WL 2007112, *7 (M.D.Pa. June 5, 2012) (citation omitted). In order for plaintiff to prevail on his malicious prosecution claim under the Fourth Amendment, he must satisfy each of the five elements. Kossler v. Crisanti, 564 F.3d at 186; Ward v. Noonan, 147 F.Supp.3d 262, 281 (M.D.Pa. 2015) ("If Plaintiffs have not proffered evidence sufficient to create a triable issue of fact as to all five prongs, their malicious prosecution claim must fail as a matter of law.") (citations omitted). "The first four elements are the same under Pennsylvania law" for a malicious prosecution claim. Kossler, 564 F.3d at 186 n. 2. "The fifth element distinguishes Fourth Amendment malicious prosecution claims from Pennsylvania common law malicious prosecution." Ward, 147 F.Supp.3d at 282 (citation omitted).

Initially, the court finds that plaintiff can assert a malicious prosecution claim against Ashmawy under *Bivens* since plaintiff alleges that he knowingly provided false information to the police and District Attorney and interfered with the investigation process by threatening the police and prosecutor, based on his position with Congress, to file charges against plaintiff. Plaintiff also claims that Ashmawy knowingly and falsely alleged that plaintiff assaulted him to avoid his own criminal prosecution for his alleged conduct toward the female patrons in the Inn and his alleged assault on Jorgenson's wife.

In order to establish the favorable termination element, plaintiff will be required to submit evidence indicating that he was innocent of the charges and to show that "the circumstances-both the offenses as stated in the statute and the underlying facts of the case-indicate that the judgment as a whole" reflects his innocence of the stated charges. See <u>Kossler v. Crisanti, 564 F.3d at 188</u>; <u>Hector v. Watt, 235 F.3d at 156</u> (Third Circuit held that to proceed on a malicious prosecution claim, plaintiff "must be innocent of the crime charged in the underlying prosecution."). In its April 5, 2018 Memorandum, (Doc. 39), this court stated that there is not yet evidence in the record at this stage of the case regarding why the District Attorney *nolle prossed* the criminal charges filed against plaintiff. Therefore, this court found, it is premature to determine whether the *nolle pros* of the criminal charges satisfies the favorable termination requirement of plaintiff's malicious prosecution claim and whether the *nolle pros* of the charges is evidence of a lack of probable cause to file the charges.

However, along with his reply brief in support of his instant motion, Ashmawy submitted the September 9, 2016 Pike County Court transcript and a letter from the District Attorney's Office regarding the *nolle prossing* of the charges against plaintiff, (Docs. 32-1, 32-2). In the transcript, defense counsel for plaintiff noted on the record that despite the *nolle pros*, plaintiff maintained his innocence with respect to the charges and was prepared to proceed to trial. Notwithstanding this evidence, the court stands by its prior ruling that it

13

is premature to determine whether the *nolle pros* of the criminal charges satisfies the favorable termination requirement of plaintiff's malicious prosecution claim. The parties will have the opportunity to present all of their evidence regarding this issue after the complete record is developed with summary judgment motions.

The main focus of Ashmawy's argument seeking dismissal of plaintiff's malicious prosecution claims, like the Borough defendants, is that there was sufficient probable cause to arrest plaintiff and to commence criminal proceedings against him based on his own allegations in his pleading and based on the MPD Incident Report which Ashmawy submitted with his motion, Doc. 18, Ex. B.[6] Ashmawy explains in his brief how the Incident Report belies plaintiff's allegations and shows that there was enough probable cause to arrest and file the charges against plaintiff, including for assault.

As the court stated in its Doc. 39 Memorandum, the court will not consider this evidence submitted by Ashmawy outside of plaintiff's pleading at this stage of the case. Indeed, this court has thoroughly explained why documents, such as a police incident report and a police criminal complaint, are not the types of documents that the court will consider with a Rule

---

[6]In order for plaintiff to prevail on his malicious prosecution claims, he must show a lack of probable cause for his arrest and his subsequent criminal prosecution. Since the court stated the applicable standard with respect to probable cause to arrest plaintiff in its Doc. 39 Memorandum, it will not repeat it herein.

14

212(b)(6) motion to dismiss constitutional claims, including a claim for malicious prosecution. *See* Hadesty v. Rush Township Police Department, 2016 WL 1039063, *3-*5 (M.D.Pa. March 15, 2016). The court will not repeat herein its detailed analysis from the *Hadesty* case to support its decision not to consider the MPD Incident Report Ashmawy submitted, and its prior analysis is incorporated herein by reference. As this court concluded in *Hadesty, id.* at *5, the court finds in the present case that "[the police incident report] do[es] not form the basis for the plaintiff's claims and therefore may not be considered for this motion to dismiss."

Further, since discovery is not complete, the court will not convert Ashmawy's motion into a Rule 56 summary judgment motion despite the evidence submitted by both parties. Simply put, there are too many disputed facts at this point with respect to the issue of whether there was sufficient probable cause to arrest and charge plaintiff and, complete discovery with respect to this issue is required.

Also, as the court has already stated in the instant case, the parties will be able to conduct discovery regarding the Incident Report, as well as the evidence detailed in it and the witnesses who were interviewed by police. Further, the parties will also have to conduct discovery regarding the other evidence submitted by plaintiff with his opposition brief, i.e., Ashmawy's statement to police and his letter about the investigation, (Doc. 28-1), and the evidence Ashmawy submitted with his reply brief, (Docs. 32-1, 32-2),

regarding the *nolle prossing* of the charges against plaintiff, and then file summary judgment motions if appropriate.

Moreover, even if the court did consider the Incident Report at this stage, the court must accept plaintiff's allegation that he did not have any intent to harm Ashmawy and that he did not assault Ashmawy. Plaintiff plainly avers in his amended complaint that he did not cause Ashmawy's injuries and that no witnesses saw him assault Ashmawy. In fact, neither the Incident Report nor Ashmawy's statement to police ever identifies plaintiff as one of the men Ashmawy claims assaulted him and, the Report indicates that Ashmawy only identified Jorgenson and Reilly as his alleged assailants. Nor did any of the witnesses identify plaintiff as an assailant despite the fact that Reilly told police that plaintiff assisted in taking Ashmawy out of the Inn. Indeed, the Report also substantiates some of plaintiff's allegations, such as the fact that Ashmawy and Paddock were intoxicated and combative with each other outside of the Inn.

As such, for present purposes, the court again finds that plaintiff has adequately alleged that there was not sufficient probable cause to arrest him and initiate criminal proceedings against him. Thus, plaintiff's Fourth Amendment malicious prosecution claim against Ashmawy will proceed.

To state a claim for malicious prosecution under Pennsylvania law, a plaintiff must allege that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was

initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Zlomsowitch v. E. Penn Twp., 2012 WL 1569633 (M.D. Pa. May 3, 2012) (citing Kelley v. Gen'l Teamsters, Local Union 249, 518 Pa. 517, 544 A.2d 940, 941 (Pa. 1988)). "[M]alice may be inferred from a lack of probable cause." Logan v. Salem Baptist Church of Jenkintown, 2010 WL 3364203, *2 (E.D.Pa. Aug. 7, 2010) (citing Kelley, 544 A.2d at 941).

A private citizen can be held liable for a malicious prosecution claim under Pennsylvania law if he "knowingly provides false information to law enforcement" "because such an action 'prevent[s] the police officer from adequately exercising independent judgment as to whether criminal charges should be instituted.'" Reiber v. Fillipone, 2016 WL 7034704, *2 (E.D.Pa. Dec. 2, 2016) (quoting Hess v. County of Lancaster, 514 A.2d 681, 683 (Pa.Commw.Ct. 1986)); see also Logan, 2010 WL 3364203, *2; Yelland v. Abington Heights School District, 2017 WL 529837 (M.D.Pa. Feb. 9, 2017). "In order to hold a private person responsible for the initiation of proceedings by a public official, Hess stated it must 'appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.'" Id. (quoting Hess, 514 A.2d at 683). The Court in Reiber, 2016 WL 7034704, *3, indicated that the concern in Hess "was that

giving police false information would prevent them from adequately exercising independent judgment as to whether charges should be instituted."

Plaintiff in the instant action alleges that his criminal prosecution was initiated based on false allegations made by Ashmawy and that Ashmawy knowingly provided authorities with false information about him. Plaintiff also alleges that Ashmawy then used his position with Congress to pressure authorities, particularly, DaSilva and the District Attorney, to initiate criminal charges against him for an improper purpose, namely, to take the focus of the criminal investigation away from him with respect to his alleged abusive conduct toward women in the Inn.

The court finds, at this stage of the litigation, that plaintiff has stated a cognizable malicious prosecution claim under Pennsylvania law against Ashmawy. Plaintiff alleges that he was charged due to the knowingly false and misleading information Ashmawy provided to the criminal authorities and that he coerced and pressured authorities to charge him. After discovery, Ashmawy can file a summary judgment motion if he chooses when the all of the facts are in the record as to the information that police possessed following their investigation, the completeness of the information he provided to criminal authorities and, if he was forthright with the authorities. See Reiber, 2016 WL 7034704, *4 ("Discovery will likely reveal the extent, if any, to which the information provided to the police by the [defendant] was the determining factor in the subsequent decision to criminally charge the

Plaintiffs."). The *Reiber* Court concluded that "at the motion to dismiss stage, taking all the allegations in the complaint as true and drawing all inferences in Plaintiffs' favor, the Court is unable to conclude as a matter of law that the Plaintiffs' arrests for harassment and disorderly conduct did not result from the alleged false accusations made by [defendant's] employees." Id.

Moreover, even though the Magisterial District Judge bound over the charges against plaintiff for trial, this does not establish as a matter of law that probable cause existed precluding plaintiff's claim for malicious prosecution under Pennsylvania law. *See* Logan, 2010 WL 3364203, *3 (court found that complaint alleged defendants made knowingly false statements to procure plaintiff's prosecution, "and if the accusations were known to be false, then defendants simply cannot be described as acting with probable cause."); *see also Yelland, supra.*

Thus, plaintiff's common law malicious prosecution claim under Pennsylvania law will proceed against Ashmawy.

### E. *Abuse of Process Claims*, Counts III and IV

In Count III, plaintiff asserts an abuse of process claim against Ashmawy under *Bivens*, and, in Count IV, plaintiff asserts a common law abuse of process claim under Pennsylvania law against Ashmawy. Plaintiff concedes his *Bivens* abuse of process claim should be dismissed (Doc. 28, p. 20 n. 6). Thus, Ashmawy's motion to dismiss Count III of plaintiff's amended complaint asserting an abuse of process claim against under

*Bivens*, will be granted.        Ashmawy contends that plaintiff's remaining state law abuse of process claim is barred by the statute of limitations and, alternatively, that plaintiff has failed to state a cognizable abuse of process claim against him. Ashmawy states that under Third Circuit precedence plaintiff's claim for abuse of process accrued on the date of his arrest which plaintiff alleges was on or about April 30, 2015. As such, Ashmawy states that the statute of limitations began running on April 30, 2015, and that it expired on April 30, 2017. However, he states that since plaintiff filed this action on September 15, 2017, Doc. 1, more than two years after his arrest and when he was clearly aware of the criminal charges, i.e., the injury that constitutes his abuse of process cause of action, his abuse of process claim is time-barred.

With respect to plaintiff's abuse of process claim against Ashmawy, a "claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)); *see also* Mawson v. Pittston Twp. Police Dept., Civ. No. 13-1714 (M.D.Pa. July 28, 2014).

To establish a common law abuse of process claim under Pennsylvania law "it must be shown that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." Langman v.

20

Keystone Nazareth Bank & Trust Co., 502 Fed.Appx. 220, 224 (3d Cir. 2012) (quoting Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa.Super. 2008)). "Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." Werner v. Plater–Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002). "Thus, the gravamen of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question." Id.

No doubt that an abuse of process claim is subject to Pennsylvania's two-year statute of limitations for personal injury actions pursuant to 42 Pa.C.S.A. §5524(1). McCullough v. County of Allegheny, 2017 WL 635290, *6 (W.D.Pa. Feb. 16, 2017) (citations omitted) (court held that under §5524(1), there is a two year statute of limitations for a common law abuse of process claim); Langman v. Keystone Nazareth Bank & Trust Co., 502 Fed.Appx. 220, 221 (3d Cir. 2012) ("Pennsylvania provides a two-year statute of limitations for claims of abuse of process."). In Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989), the Third Circuit held that an abuse of process claim accrues on date of arrest. *See also* McCullough at *6. Also, under Pennsylvania law, "[a] cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action." Id. at *4 (citing Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)). Thus, "the statute of limitations begins to run

as soon as the right to institute and maintain a suit arises." Langman, 502 Fed.Appx. at 224 (quoting Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468, 471 (1983)).

As such, Ashmawy states that since plaintiff discovered his alleged injury and the facts giving rise to his abuse of process claim at the time of his April 30, 2015 arrest, which was over two years before he filed this action on September 15, 2017, this claim is time-barred and should be dismissed with prejudice. Ashmawy also essentially contends that plaintiff's abuse of process claim is time-barred since the three elements of such a claim were satisfied at the time of his arrest, i.e., when the statute of limitations for his abuse of process claim began to run. Ashmawy also points out that with respect to plaintiff's abuse of process claim, unlike his malicious prosecution claims, there is no requirement that the proceedings terminated in plaintiff's favor so that the statute of limitations did not commence when the charges against plaintiff were *nolle prossed* on September 9, 2016. *See* Langman, 502 Fed.Appx. at 225 (Third Circuit found that a plaintiff bringing a common law abuse of process claim did not have to demonstrate that judicial proceedings terminated in his or her favor.); *Werner, supra.*

Plaintiff argues that his abuse of process claim is based on Ashmawy's alleged false testimony at his preliminary hearing on November 4, 2015, and that his claim is not time-barred. Plaintiff states that this is the date that Ashmawy used the legal process against him for an improper purpose and,

22

that this is what caused him harm. Plaintiff states that since his abuse of process claim does not pertain to the initiation of the criminal prosecution against him, and since the claim is based on Ashmawy's testimony at the preliminary hearing, it is timely. Plaintiff cites to P.J.A. v. H.C.N., 156 A.3d 284, 288 (Pa. Super. 2017), for the proposition that the statute of limitations for an abuse of process claim under Pennsylvania law "is triggered when the defendant uses 'legal process' against the plaintiff for an improper purpose, which, in turn, causes harm to the plaintiff."

The issue is when did plaintiff's abuse of process claim commence to run for statute of limitations purposes, at the time of plaintiff's arrest or when Ashmawy testified at plaintiff's preliminary hearing. As Ashmawy recognizes, plaintiff does not cite to any legal authority for his broad interpretation that his abuse of process claim began to accrue at the time of his preliminary hearing. Indeed, it is when the process is used for an illegitimate purpose, such as extortion, forcing a defendant to surrender a legal right, or blackmail, that a claim for abuse of press lies. *Bristow v. Clevenger*, 80 F.Supp.2d 421, 431 (citing *Cameron v. Graphic Management Assoc., Inc.*, 817 F.Supp. 19, 21 (E.D.Pa.1992)). Here, plaintiff alleges that Ashmawy engaged in an abuse of process when he made false allegations against plaintiff to police and when he filed a false Affidavit in support of a criminal prosecution. Plaintiff alleges that this is when Ashmawy used the process for an illegitimate purpose.

The court finds that based on the above caselaw and on plaintiff's

23

allegations, plaintiff's statute of limitations for his abuse of process claim began to run "as soon as the right to institute and maintain a suit arises", which in this case was when plaintiff was arrested and, that his arrest date is the date that plaintiff was aware of his injuries regarding this claim. *See Rose*, 871 F.2d at 350. Plaintiff alleges that his arrest was, in large part, based on Ashmawy's false accusations against him, on Ashmawy's false Affidavit, and on Ashmawy's improper use of his position with Congress to exert pressure on the police and the prosecutor to file charges against him for an improper purpose, i.e., to ensure the focus of the criminal investigation was not on him for his alleged abusive behavior towards the female patrons at the Inn and to prevent criminal charges from being filed against him. The stated alleged actions by Ashmawy when he made several knowingly false allegations in support of the criminal charges that were filed against plaintiff, particularly his alleged false statement to police and false Affidavit, which lead to plaintiff's arrest were the allegedly abusive filings by Ashmawy and when the process was abused, not Ashmawy's later testimony at plaintiff's preliminary hearing which was basically a repeat of his earlier averments. *See P.J.A. v. H.C.N.*, 156 A.3d at 288-89. Also, the date of plaintiff's arrest was the date that plaintiff was harmed by the alleged false allegations Ashmawy made against him and alleged abuse of the process and not the later date of plaintiff's preliminary hearing when the charges against plaintiff were bound over for trial. In fact, plaintiff fails to explain why he was not aware of his injuries

24

caused by Ashmawy's alleged false accusations on the date that he was arrested and criminally charged, i.e., April 30, 2015. As Ashmawy points out "Plaintiff's allegations establish he was aware of the allegedly 'baseless' complaints being made by [him] as early as March 17, 2015", and that certainly by the time of his arraignment, which was about the time of his arrest, he was aware of his injuries.

Thus, the court finds that plaintiff's state law abuse of process claim in Count IV against Ashmawy accrued at the time of his arrest and that this claim is time-barred. As such, this claim will be dismissed with prejudice. Since the court has found that plaintiff's abuse of process claim is time-barred, it will not address whether plaintiff has stated a cognizable claim against Ashmawy.

### F. Qualified Immunity

Finally, Ashmawy asserts that since there was no violation of plaintiff's cleary established constitutional rights, he is entitled to the affirmative defense of qualified immunity.

"A [government] official with qualified immunity has no civil liability for discretionary conduct so long as he does 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Clifton v. Borough of Eddystone, 824 F.Supp.2d at 622 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Qualified immunity provides not only a defense to liability, but "immunity from

suit." Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

To determine if Ashmawy has qualified immunity, a two-part inquiry is required: "The Court must determine whether the plaintiff has shown facts that make out a constitutional rights violation and if so, whether those rights were 'clearly established' at the time of the incident. Id. (citing Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). See also Perez v. Borough of Berwick, 507 Fed.Appx. 186, 192 (3d Cir. 2012) ("To determine whether the individual officers are entitled to qualified immunity, the District Court [is] required to consider whether, under the factual scenario of this case, the officers were reasonable to believe that their actions did not violate the [plaintiff's] clearly established rights."). The relevant inquiry in deciding whether a right was clearly established "is whether a reasonable officer could have believed that his or her conduct was lawful in light of the clearly established law and the information in the officer's possession." Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997).

As discussed, the court has found that plaintiff stated a plausible Fourth Amendment malicious prosecution claim against Ashmawy. Also, as the court stated in its Doc. 39 Memorandum, the right to be free from the initiation of criminal proceedings against a person without probable cause was clearly established at the time of plaintiff's arrest. See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Kossler v. Crisanti, 564 F.3d 181, 186 (3d

26

Cir. 2009). Thus, as the court held in its Doc. 39 Memorandum with respect to DaSilva, at the present pleading stage of this case, and based on the above discussion, it is premature to determine if Ashmawy is entitled to qualified immunity. In Williams v. Papi, 30 F.Supp.3d at 314, the court stated that, "[t]he Third Circuit has cautioned that 'it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases'") (quoting Newland v. Reehorst, 328 F.App'x. 788, 791 n. 3 (3d Cir. 2009)). As the court held with respect to DaSilva, the court finds that "a determination of qualified immunity [regarding Ashmawy] is inappropriate at the pleading stage" in the present case. *Id.*

Thus, when viewing the facts alleged in the amended complaint in the light most favorable to plaintiff, the court does not find at this stage of the case that qualified immunity for either DaSilva or Ashmawy exists as a matter of law. After discovery is conducted by the parties and the factual record is fully developed, DaSilva and Ashmawy can re-assert the qualified immunity defense in a summary judgment motion if appropriate. *See* Kopec, 361 F.3d at 777 ("defendant[] can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citations omitted).

## IV. CONCLUSION

For the foregoing reasons, Ashmawy's motion to dismiss, (Doc. 18), plaintiff's amended complaint, (Doc. 14), is **GRANTED IN PART** and **DENIED IN PART**.

The plaintiff's *Bivens* claims against Ashmawy in his official capacity are **DISMISSED WITH PREJUDICE**. Ashmawy however can be sued by plaintiff under *Bivens* in his individual capacity. Ashmawy's motion to dismiss is **DENIED AS MOOT** with respect plaintiff's requests for declaratory judgment since these claims for relief were previously **DISMISSED WITH PREJUDICE**. Ashmawy's motion to dismiss plaintiff's malicious prosecution claims, Counts I and II, is **DENIED** and these claims will **PROCEED** against him. Ashmawy's motion to dismiss plaintiff's abuse of process claim under *Bivens*, Count III, is **GRANTED** and this claim is **DISMISSED**. Ashmawy's motion to dismiss plaintiff's state law abuse of process claim as time-barred, Count IV, is **GRANTED** and, this claim is **DISMISSED WITH PREJUDICE**. Ashmawy's motion to dismiss based on the qualified immunity defense is **DENIED**.

A separate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 10, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1671-02.wpd